# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-1494

John P. Bouton, Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided December 4, 2008)

*Kathy A. Lieberman*, of Washington, D.C., was on the brief for the appellant.

*Paul J. Hutter,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward Cassidy, Jr.*, Deputy Assistant General Counsel; and *Thomas J. Kniffen*, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, DAVIS, and SCHOELEN, *Judges*.

DAVIS, *Judge*: U.S. Marine Corps veteran John P. Bouton appeals, through counsel, from that part of a March 3, 2006, decision of the Board of Veterans' Appeals (Board) that denied a claim of entitlement to an effective date earlier than August 7, 2001, for the award of service connection for depression, to include a request for revision on the basis of clear and unmistakable error (CUE) in a June 1997 rating decision that denied service connection for a psychiatric disability, including post-traumatic stress disorder (PTSD). This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

On March 14, 2008, this Court issued a single-judge decision in this case affirming the Board's March 2006 decision, and Mr. Bouton filed a timely motion for panel consideration. The Court will grant that motion, withdraw its March 2008 decision, and issue this decision in its stead. For the following reasons, the Court will reverse the Board's March 2006 decision finding no CUE in the June 1997 rating decision, and remand the matter for further proceedings consistent with this decision.

## I. ANALYSIS

Mr. Bouton argues that there was CUE in a June 1997 VA regional office (RO) decision because there was no legitimate basis to deny service connection for depression secondary to his service-connected back condition. Specifically, he cites five records evidencing depression secondary to his service-connected back disorder: (1) A May 1992 treatment record "consultation sheet" noting "adjustment disorder with mixed emotional features secondary to low back pain and drastic reduction in financial status" (Record (R.) at 166); (2) an August 1992 "treatment plan" noting depression secondary to chronic (back) pain (R. at 158); (3) an August 1992 "[p]rogress note" noting "depression, anxiety secondary to chronic pain, job loss" (R. at 165); (4) an August 1992 "[p]rogress note" that could be deciphered to read "depression secondary to chronic pain" (R. at 163); and (5) a September 1994 "[t]reatment plan review" noting "depression directly related to his spinal disc condition" (R. at 752). The Board decision on appeal generally referred to these documents, but concluded that there was no CUE in the June 1997 RO decision because the RO permissibly engaged in a weighing of positive and negative evidence and determined that there was no nexus between Mr. Bouton's depression and service-connected back disorder.

A decision that has become final may not be reversed or revised in the absence of CUE. *See* 38 U.S.C. § 7111(a). CUE is "a very specific and rare kind of error . . . that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error." 38 C.F.R. § 20.1403 (2008). Therefore, in order to establish CUE, the appellant must show that (1) either the facts known at the time of the decision being attacked on the basis of CUE were not before the adjudicator or the law then in effect was incorrectly applied; (2) an error occurred based on the record and the law that existed at the time; and (3) had the error not been made, the outcome would have been "manifestly different." *Grover v. West*, 12 Vet.App. 109, 112 (1999); *see Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc). The Court's review of a Board decision regarding an allegation of CUE in a prior decision is limited to whether the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and whether the decision is supported by an adequate statement of reasons or bases. 38 U.S.C. § 7261(a)(3)(A); *see Livesay v. Principi*, 15 Vet.App. 165, 174 (2001) (en banc). The Board's statement of the reasons or bases for its decision must be adequate to enable a claimant to understand the precise basis for the Board's

decision, and to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990).

In the instant case, we find untenable the Board's reasoning that the RO engaged in a simple weighing of evidence in order to deny service connection for depression. Based on the language in the RO decision, it is clear that the RO denied the existence of evidence in the claims file that did indeed exist. Consequently, the RO either violated the regulation requiring that the decision be based on all evidence of record (*see* 38 C.F.R. § 3.303(a) (1997)) or made an erroneous factfinding. This Court has determined that either failure is sufficient to satisfy the first and second CUE requirements (i.e., either the facts known at the time were not before the adjudicator or the law then in effect was incorrectly applied, and an error occurred based on the record). *See Russell*, *supra*. In *Russell*, the RO had concluded that there was no evidence that the veteran had defective hearing in service. Because at the time of that decision, there was an in-service audiometer report indicating the contrary, the Court concluded:

> That statement [that service records do not indicate that the veteran had defective hearing in service] was undebatably incorrect when made, because the 1942 audiometer report was certainly then in the record and was certainly indicative of defective hearing while in service. Yet, the RO denied the very existence of the evidence. Moreover, a VA regulation in effect when the RO made its 1972 decision provided: "Determinations as to service connection will be based *on review of the entire evidence* of record." 38 C.F.R. § 3.303(a) (1964) (emphasis added). Thus, the RO in 1972 either violated the regulation by not considering the audiometer report then in the record or made an erroneous factfinding, or both. In any event, the RO undebatably committed error both in failing to follow an applicable regulation (38 C.F.R. § 3.303(a)) and in making a misstatement of fact about the evidence–in effect denying the existence of evidence that did indeed exist and was a part of the claims file.

3 Vet.App. at 319.

As in *Russell*, here the RO denied the very existence of contrary evidence when it concluded that "[t]here is no record of psychiatric disability to include post-traumatic stress disorder showing a chronic disability subject to service connection." R. at 429. The evidence of record at the time of the RO decision evidenced ongoing depression secondary – at least in part – to a service-connected back disorder and thus was subject to service connection. *See* R. at 158, 163, 165, 415, 752. The RO's denial of the existence of those documents, and consequently, its failure to follow the regulation requiring that it base its determination on all evidence of record, is an error sufficient to

3

satisfy the first CUE requirement.  *See Russell*, 3 Vet.App. at 319; *see also* 38 C.F.R. § 3.303(a) (1997).

Such error, however, cannot constitute CUE unless it is the type of error that would have manifestly changed the outcome of the RO's decision in 1997.  This may be shown where all evidence at the time of the decision "militated in support of the claim." *Crippen v. Brown*, 9 Vet.App. 412, 422 (1996).  Here, in reviewing the RO decision, the Board determined that not all evidence of record supported Mr. Bouton's claim.  While acknowledging the favorable records, the Board viewed the following evidence as against the claim at the time of the RO decision: (1) A June 1996 examination that was unable to produce a specific diagnosis; and (2) a June 1996 neuropsychological examination noting that the veteran had been treated for depression and dysthymic disorder, but not addressing whether the veteran had some "unusual variant of PTSD." R. at 13.  The Board found it telling that the second June 1996 examination discussed depression in detail, but "it did not discuss the possibility of any relationship between the depression and the chronic pain from the veteran's service-connected lumbar spine disability." *Id.*  The Board concluded that, "[s]imply put, the RO engaged in a weighing of the evidence: on one hand, there were some favorable treatment records, while on the other hand, the detailed examinations did not provide linkage between the depression and the lumbar spine disability." *Id.*

Contrary to the Board's assertion, there was no evidence before the RO that could have supported a denial of the service-connection claim on the merits.  A disability may be service connected on a secondary basis by demonstrating that the disability is proximately due to or the result of a service-connected disease or injury.  38 C.F.R. § 3.310 (1997).  The evidence of record undebatably showed a diagnosis of depression–a fact not disputed by the Board–and provided a link between the depression and his service-connected back disorder.  *See* R. at 158, 163, 165, 415, 752. The evidence purportedly weighing against the claim addressed PTSD but did not consider whether there was a connection between depression and the back disorder and therefore could not constitute negative evidence as to that question.  The failure of the evidence to mention nexus between other mental disorders and Mr. Bouton's back disorder did not establish that there was no such nexus. *See McLendon v. Nicholson*, 20 Vet.App. 79, 85 (2006) (concluding that the Board's assessment derived from negative evidence does not constitute substantive evidence).  Because all relevant evidence militated in support of the claim, the RO's failure to correctly apply the law is the sort of error

4

"'which, had it not been made, would have manifestly changed the outcome.'" *Crippen*, 9 Vet.App. at 422 (quoting *Russell*, 3 Vet.App. at 313).

Therefore, in 1997, there was no basis in the record to deny secondary service connection. The Board's conclusion that the RO's 1997 decision did not contain CUE was arbitrary and capricious and not in accordance with law. *See Joyce v. Nicholson*, 19 Vet.App. 36 (2005).

"[W]hen it is clear, on the face of the decision being assailed for CUE, that the error alleged did in fact occur and would manifestly have changed the outcome of the case, the Court will reverse, rather than only vacate and remand, as to the [Board] decision." *Sondel v. West*, 13 Vet.App. 213, 221 (1999); *see Joyce, supra*. Because it is clear that, had the RO in 1997 correctly applied the law extant at the time of that decision, it would have awarded service connection, the Court will reverse the March 3, 2006, Board decision. 38 U.S.C. § 7261(a)(3)(A); *see Russell*, 3 Vet.App. at 315; 38 C.F.R. §§ 3.303(a) (2008), 3.310(a) (2008). Accordingly, the matter will be remanded for the Board to determine an appropriate disability rating and effective date for service connection for Mr. Bouton's depression.

## II. CONCLUSION

After consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Court WITHDRAWS its March 14, 2008 decision, issues this decision in its stead, REVERSES the Board's March 3, 2006, decision and REMANDS the matter for action consistent with this decision.