﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/27/20

DOCKET NO. 200115-53563
DATE: February 28, 2020

ORDER

Revision based on clear and unmistakable error (CUE) of the August 1958 rating decision which assigned a rating of 30 percent from June 26, 1964 to June 25, 1969 and 0 percent from June 26, 1969 onwards for the Veteran’s tuberculosis is denied. 

FINDING OF FACT

The Regional Office’s (RO) assignment of a 30 percent rating from June 26, 1964 to June 25, 1969 and a 0 percent rating from June 26, 1969 onwards in the August 1958 rating decision was based on the record and the law then existing.

CONCLUSION OF LAW

The August 1958 rating decision, which assigned a rating of 30 percent from June 26, 1964 to June 25, 1969 and 0 percent from June 26, 1969 onwards does not contain CUE. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107, 5109A, 5110(g); 38 C.F.R. §§ 3.102, 3.105, 3.114(a); 3.159, 3.303, 3.304 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from August 1953 to May 1957. 

CUE (38 C.F.R. § 3.105)

A previous RO determination that is final and binding will be accepted as correct in the absence of CUE. Where evidence establishes such error, the prior decision will be reversed or amended. 38 C.F.R. § 3.105(a). Here, an August 1958 rating decision assigned a rating of 30 percent from June 26, 1964 to June 25, 1969 and 0 percent from June 25, 1969 onwards. The Veteran did not file an NOD. Thus, the August 1958 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104(a), 3.160(d), 3.156(b), 20.302, 20.1103.

Once a decision becomes final, it may only be revised by a showing of CUE. 38 C.F.R. §§ 3.104, 3.105. CUE is a very specific and rare kind of “error.” It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Simply to claim CUE on the basis that previous adjudications had improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE. Similarly, neither can broad-brush allegations of “failure to follow the regulations” or “failure to give due process,” or any other general, nonspecific claim of “error.” Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). In addition, failure to address a specific regulatory provision involves harmless error unless the outcome would have been manifestly different. Id. at 44.

Where evidence establishes CUE, the prior decision will be reversed or amended. 38 C.F.R. § 3.105(a). For the purpose of authorizing benefits, the rating or other adjudicatory decision which constitutes a reversal of a prior decision on the grounds of CUE has the same effect as if the corrected decision had been made on the date of the reversed decision. Id.

CUE is established when the following conditions are met: (1) either (a) the correct facts in the record were not before the adjudicator, or (b) the statutory or regulatory provisions in existence at the time were incorrectly applied; (2) the alleged error must be “undebatable,” not merely “a disagreement as to how the facts were weighed or evaluated”; and (3) the commission of the alleged error must have “manifestly changed the outcome” of the decision being attacked on the basis of CUE at the time that decision was rendered. Evans v. McDonald, 27 Vet. App. 180, 185 (2014), aff’d, 642 F. App’x 982 (Fed. Cir. 2016); Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell v. Principi, 3 Vet. App. 310, 313-14 (1992). 

The error must be of a type that is outcome-determinative, and subsequently developed evidence may not be considered in determining whether an error existed in the prior decision. See Porter v. Brown, 5 Vet. App. 233, 235-36 (1993); Glover v. West, 185 F.3d 1328 (Fed. Cir. 1999). A manifest change in the outcome of an adjudication means that, absent the alleged CUE, the benefit sought would have been granted at the outset. King v. Shinseki, 26 Vet. App. 433, 441 (2014). The standard is not whether it is reasonable to conclude that the outcome would have been different. Id. at 442.

As a threshold matter, the Board finds that the arguments advanced by the Veteran allege CUE with the requisite specificity. See Simmons v. Principi, 17 Vet. App. 104 (2003). The Board will therefore adjudicate the merits of his claims.

In its August 1958 rating decision, VA assigned staged rating for future dates pursuant to 38 C.F.R. § 4.97, Diagnostic Code 6721-6724. The Veteran contends that his assigned rating of 30 percent from June 26, 1964 to June 25, 1969 and 0 percent from June 25, 1969 onwards were clearly and unmistakably erroneous – based on a misreading of the medical record. 

The applicable Diagnostic Code 6724 effective in 1958 provided: 

A rating of 100 percent is warranted for 2 years after date of inactivity, following active pulmonary tuberculosis, which was clinically identified during active service, or subsequently. 

Note: The above 100 percent rating is not subject to a requirement of hospital treatment. It will be reduced to 50 percent for failure to submit to examination or to follow prescribed treatment upon report to that effective from the medical authorities. When a veteran is placed on the 100 percent rating for inactive tuberculosis, the medical authorities will be appropriately notified of the fact, and of the necessity under Public Law 339, 31st Congress, to notify the Adjudication Division in the event of failure to submit to examination or to follow prescribed treatment. 

A rating of 50 percent is warranted, thereafter, for 4 years, or in any event, to 6 years after date of inactivity. A rating of 30 percent is warranted, thereafter, for 5 years or to 11 years after date of inactivity. A rating of 30 percent is also warranted, thereafter, following far advanced lesions. A rating of 20 percent is warranted, following moderately advanced lesions, provided there is continued disability, emphysema, dyspnea on exertion, impairment of health, etc. A 0 percent rating is otherwise warranted. 

Note: The 60 percent, 80 percent, and 20 percent ratings for inactive pulmonary tuberculosis are not to be combined with ratings for other respiratory disabilities. Following thoracoplasty the rating will be for removal of ribs combined with this rating for collapsed lung. Resection of ribs incident to thoracoplasty will be rated as removal. Effective December 1, 1949. 

A 60 percent rating is warranted following moderately advanced or far advanced active tuberculosis, with history activity over a period of 5 years, including at least 18 months’ hospitalization, with continued dyspnea on exertion, debility, and chronic invalidism. 

Note: The above rating, through assigned on a permanent basis, will be subject to reexamination in 30 months. 38 C.F.R. § 4.97, Diagnostic Code 6724.

The Veteran essentially argues that the RO ignored medical evidence indicating that the Veteran had far advanced tuberculosis. The Veteran’s March 1957 examination for service separation indicated that the Veteran had far advanced tuberculosis. However, a May 1957 hospitalization discharge note indicates the Veteran had a lesion in his right upper lung field. The treatment note indicated a final diagnosis of tuberculosis, moderately advanced. 

The August 1958 defined the Veteran’s tuberculosis as “moderately advanced” because that was most recent diagnosis provided. 

The Veteran’s argument is essentially a disagreement as to how the facts were weighed or evaluated by the adjudicator. He asserts that the Veteran’s tuberculosis should have been classified as “far advanced” by the RO in the August 1958 rating decision. A disagreement as to how the facts were weighed does not support a finding of CUE. Fugo, 6 Vet. App. at 43-44. As noted above a May 1957 hospital discharge note characterized the Veteran’s tuberculosis as moderately advanced and this treatment note was the most recent characterization of the Veteran’s condition at the time of the August 1958 rating decision. Therefore, revision of the August 1958 based on CUE is not warranted. 

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Wozniak, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.