﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200422-75785
DATE: March 31, 2021

ORDER

Whether there was clear and unmistakable error (CUE) in the April 1992 rating decision that denied entitlement to service connection for tinnitus is denied.

Whether there was CUE in the April 1992 rating decision that denied entitlement to service connection for a cervical spine (neck) disability is denied.

FINDINGS OF FACT

1. No CUE was made in the April 1992 rating decision that denied entitlement to service connection for tinnitus.

2. No CUE was made in the April 1992 rating decision that denied entitlement to service connection for a neck disability.

CONCLUSIONS OF LAW

1. The criteria for whether there was CUE in the April 1992 rating decision that denied entitlement to service connection for tinnitus have not been met. 38 U.S.C. §§ 5109A, 7105; 38 C.F.R. §§ 3.105.

2. The criteria for whether there was CUE in the April 1992 rating decision that denied entitlement to service connection for a neck disability have not been met. 38 U.S.C. §§ 5109A, 7105; 38 C.F.R. §§ 3.105.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from July 1985 to October 1990.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with decisions decided by the Department of Veterans Affairs (VA) on their claim to seek review. This decision has been written consistent with the new AMA framework.

In an October 2019 rating decision, the Regional Office (RO) found no CUE in an April 1992 rating decision that denied service connection for tinnitus and a neck disability. In September 2019, pursuant to a VA Form 10182, the Veteran opted for direct review of the CUE issue by the Board of Veterans’ Appeals (Board). Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review.

CUE

Generally, an unappealed rating decision becomes final within one year of its issuance. 38 C.F.R. § 20.1103. An exception to this finality rule is when clear and unmistakable error is found in the rating decision; a finding of CUE has the same effect as if the correct decision had been made on the date of the prior decision. 38 U.S.C. § 5109A; 38 C.F.R. §§ 3.104(a), 3.105(a).

CUE is a very specific and rare kind of error. 38 C.F.R. § 20.1403(a). It is the kind of error of fact or law which, when called to the attention of later reviewers, compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. 38 C.F.R. § 20.1403(a); see Russell v. Principi, 3 Vet. App. 310, 313-14 (1992) (en banc); see also Bustos v. West, 179 F.3d 1378, 1380-81 (Fed. Cir. 1999).

To establish CUE, the appellant must show: (1) that either the facts known at the time were not before the adjudicator or the law then in effect was incorrectly applied, (2) that an error occurred based on the record and the law that existed at the time the decision was made, and (3) that, had the error not been made, the outcome would have been manifestly different. See Bouton v. Peake, 23 Vet. App. 70, 71 (2008); Grover v. West, 12 Vet. App. 109, 112 (1999); Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell, 3 Vet. App. at 313-14. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. See 38 C.F.R. § 20.1403(b), (c); see also Bustos v. West, 179 F.3d 1378 (Fed. Cir. 1999).

Even when the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be ipso facto clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993) (citing Russell, 3 Vet. App. at 313). A determination of CUE must be based on the record and the law that existed at the time of the prior adjudication. Baldwin v. West, 13 Vet. App. 1 (1999); Caffrey v. Brown, 6 Vet. App. 377 (1994).

1. Whether there was CUE in the April 1992 rating decision that denied entitlement to service connection for tinnitus

2. Whether there was CUE in the April 1992 rating decision that denied entitlement to service connection for a neck disability

The Veteran asserts CUE in the April 1992 rating decision that denied the claims for service connection for a neck disability and tinnitus (the Board observes that service connection for both tinnitus and neck disability have been in effect since February 2013). The Veteran argues that the RO failed to correctly apply 38 U.S.C. § 3.303 (1992) at the time of the April 1992 rating decision. The law in effect in 1992 required a current disability, in-service incurrence, and a nexus between the two. Further, if there is a chronic disease, such is service connected if there is required combination of manifestations sufficient at the time as distinguished from merely isolated findings or diagnosis including the word “chronic.” Continuity of symptomatology was required only where the condition noted during service or in the presumptive period is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. See 38 U.S.C.§§ 3.303. 3.307 (1992).

After reviewing the claims file, the Board finds that the evidence of record fails to show CUE in the April 1992 rating decision.

The Veteran filed a claim for service connection for a number of disabilities in November 1990, approximately one month following separation from active service, to include claims for service connection for a whiplash injury in 1989 (neck) and a training incident resulting in hearing loss in 1985. Accordingly, he was afforded a VA audiological examination in February 1992 and a VA orthopedic examination in March 1992.

The orthopedic examiner noted headache, neck, and right trapezius muscle pain. However, when asked to prioritize his medical issues, the Veteran stated that his left knee and right shoulder were the most bothersome. Upon physical examination, the examiner reported full neck rotation (85/85), lateral bending (45/45), flexion (30), and extension (30); increased posterior pain at C6 with vertical compression; intact sensation and muscle function in both hands; and, moderate muscular tenderness at the greater tuberosity. 

With regard to radiographic imaging, x-rays were taken of the right shoulder and left knee, and the examiner noted that “the Veteran did not wish to have any other x-rays today.” The examiner noted chronic pain in the neck and trapezius muscles and diagnosed chronic muscular strain, noting that cervical nerve roots were “ok.” Based on these competent medical findings and a review of the Veteran’s STRs, in the April 1992 rating decision, the RO denied the Veteran’s claim for service connection. The RO found that the Veteran’s neck problems noted during the VA examination were not associated with the “mild acute conditions” noted in service, and the Veteran had not been treated for any orthopedic disabilities within one year of separation from service in October 1990.

During the audiological evaluation, the Veteran reported experiencing intermittent tinnitus since service. The examiner indicated that tinnitus was not due to service, as such was not shown in service. The Board notes that the April 1992 rating decision that addressed tinnitus was conducted prior to the United States Court of Appeals for Veterans Claims (Court) holding in Layno v. Brown, 6 Vet. App. 465, 470 (1994). In Layno, the Court ruled that the Board must fully consider the lay assertions of record as a layperson is competent to report on the onset and continuity of his current symptomatology. See Layno at 470 (noting that a Veteran is competent to report on that of which he or she has personal knowledge). Therefore, the RO’s reliance on the medical evidence of record, to include the February 1992 VA medical opinion, in addition to the absence of persistent complaints of tinnitus in the STRs in denying the Veteran’s claim, although conservative, was not incorrect. Following the decision in Layno, the Veteran’s subjective reports of symptoms may have been sufficient to support an award of service connection for tinnitus as ringing or buzzing in the ears is a subjective symptom of which the Veteran had personal knowledge. 

The Board acknowledges the argument raised by the Veteran’s representative in April 2020 correspondence that the April 1992 rating decision contains CUE because it did not consider the elements of service connection; and that all elements were shown for tinnitus and neck disability. The Board finds; however, that the correct facts as they were known at the time of the April 1992 rating decision were before the RO, and the statutory or regulatory provisions extant at that time were correctly applied. Luallen v. Brown, 8 Vet. App. 92, 95 (1995) (a simple disagreement with how the RO evaluated the facts is not sufficient to raise a valid claim of CUE). The crux of the Veteran’s argument is that the RO did not properly weigh the evidence of record. Simply put, disagreement as to how the RO weighed the evidence cannot be the basis for a finding of CUE. 

(Continued on the next page)

 

Accordingly, there was no CUE in the April 1992 rating decision and revision on the basis of CUE to reflect an earlier effective date for the award of service connection for tinnitus and neck disability is denied.

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. McPhaull, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.