Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 201012-121238
DATE: July 14, 2021

ORDER

The claim alleging a clear and unmistakable error (CUE) in the December 1967 rating decision that awarded service connection for dermatitis of the shaft of penis and suprapubic region (genitals) and assigned an initial noncompensable rating is denied.

FINDING OF FACT

The correct facts as they were known at the time of the December 1967 rating decision were before the RO, and the statutory or regulatory provisions extant at that time were correctly applied.

CONCLUSION OF LAW

The criteria for revision on the basis of CUE in the December 1967 rating decision that assigned an initial noncompensable rating for dermatitis of the genitals have not been met. 38 U.S.C. § 7111; 38 C.F.R. § 3.105(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1963 to June 1967. 

The Board notes that the appeal initially came before the Board under the legacy appeal system. This case has a long procedural history that has been set forth, in detail, in prior appellate actions. Such history will be repeated here only to the extent needed to explain the state of the matters currently before the Board. 

In March 2018, the Board instructed the RO to adjudicate the issue of whether there was CUE in the December 1967 rating decision that granted service connection for penile and suprapubic dermatitis and assigned an initial noncompensable rating from October 1, 1967, in the first instance. The Board remanded the issue of retroactive addition of dependents to the Veteran's VA compensation award as intertwined with the issue pertaining to CUE in the December 1967 rating decision. 

In an August 2019 rating decision, the RO determined a revision is not warranted in the evaluation assigned in the December 22, 1967, rating decision for dermatitis of the shaft of penis and suprapubic region (now rated as genital herpes). In July 2020, the Board noted that the Veteran did not appeal the August 2019 rating decision, and that there was no corresponding notification letter of record notifying the Veteran of the August 2019 rating decision that determined there was no CUE in the December 1967 rating decision. Thus, the Board sought clarification as to whether a notification letter was sent to the Veteran and referred this question to the RO. The Board also indicated the issue of retroactive addition of dependents to the Veteran's VA compensation award was not on appeal at that time, given that it was still being developed by the RO. 

Subsequently, the RO issued an additional rating decision in September 2020 that again determined no revision is warranted in the evaluation assigned in the December 22, 1967, rating decision for dermatitis of the shaft of penis and suprapubic region (now rated as genital herpes). A notification letter notifying the Veteran of the denial was also sent at that time. 

Later that month, on September 21, 2020, the Veteran filed a VA Form 10182 Notice of Disagreement Board Appeal, expressing his disagreement with the denial as to his allegation of CUE in the December 1967 rating decision and the denial of retroactive addition of dependents to the Veteran's VA compensation award. However, the Veteran did not select a Board appeal review option, rendering the appeal invalid. On that same day, September 21, 2020, the Veteran also filed a VA Form 20-0995 Supplemental Claim Application reiterating his disagreement with the denial of his allegation of CUE in the December 1967 rating decision and the denial of retroactive addition of dependents to the Veteran's VA compensation award. On September 29, 2020, the RO informed the Veteran that page 4 of his supplemental claim was missing, so the RO informed the Veteran that his claim could not be processed and that if it is received within 60 days from the receipt date of the incomplete application, the RO will consider his claim filed as of the receipt date of his incomplete application, i.e., September 21, 2020. 

On October 16, 2020, the RO received a completed copy of page 4 of the requested supplemental claim application that was previously missing. However, this is not valid as the RO had not accepted the supplemental claim and on October 21, 2020, the Veteran submitted a valid VA Form 10182 Notice of Disagreement selecting direct review by the Board of the denial of his allegation of CUE in the December 1967 rating decision and the denial of retroactive addition of dependents to the Veteran's VA compensation award. In November 2020, he submitted another VA Form 10182 Notice of Disagreement selecting the evidence submission appeal for the CUE issue only. At the same time, he submitted a Form 9 requesting a Board hearing, however, this is an invalid appeal given that he is appealing AMA decisions. See 38 C.F.R. § 3.2400.

In February 2021, the Board granted the Veteran's November 2020 request to switch the appeal related to the CUE issue from the direct lane to the evidence submission lane. Therefore, the Board may consider evidence of record at the time of the September 2020 rating decision on appeal, as well as any evidence submitted by the Veteran or his representative within 90 days following VA's February 3, 2021 notice that the appeal has been switched to the Evidence Submission docket. 38 C.F.R. § 20.303(b)(2).

The Veteran's appeal involving the issue of retroactive addition of dependents to the Veteran's VA compensation award as intertwined with the issue pertaining to CUE in the December 1967 rating decision will be addressed in a separate Board decision. 

The claim alleging a CUE in the December 1967 rating decision that awarded service connection for dermatitis of the genitals and assigned an initial noncompensable rating is denied.

In a September 2015 Notice of Disagreement (NOD), the Veteran contended that the December 1967 rating decision that assigned a noncompensable rating was done without a VA examination. In a statement received in September 2015, the Veteran wrote he was examined in 1967 and awarded a noncompensable rating.

In a March 2017 statement, the Veteran contends that the 1967 ratings were fatally flawed because only a single issue was split out and evaluated and that a single day and single appointment does not provide a proper successful skin cancer, skin disease, and skin condition etiology. He contends the VA's original error of being too general, inaccurate, and not specific enough in the original 1967 claim and is made worse when the medical staff and the Veteran were not informed of lost records prior to 2013. He also contends that the 1967 rating specialists did not base their testimony on sufficient facts or data and their testimony is not based on reliable principles and methods, and correct examination procedures were not followed. 

In a September 2020 statement, the Veteran contends that he did not undergo a physical examination by a doctor, but only administrative workers.

In the November 2020 VA Form 10182, in contradiction to his previous contentions, the Veteran contends that a revision is not warranted in the evaluation assigned in the December 1967 rating decision for dermatitis of the genitals. 

Unappealed rating decisions are final, and a final rating decision is not subject to revision on the same factual basis except by duly constituted appellate authorities, or on the basis of CUE, as provided in 38 C.F.R. § 3.105. See 38 C.F.R. § 3.104(a). If the evidence establishes CUE, the prior decision will be reversed or amended. A finding of CUE has the same effect as if the corrected decision had been made on the date of the reversed or amended decision. 

CUE is established when the following conditions are met: (1) either (a) the correct facts in the record were not before the adjudicator, or (b) the statutory or regulatory provisions in existence at the time were incorrectly applied; (2) the alleged error must be "undebatable," not merely "a disagreement as to how the facts were weighed or evaluated;" and (3) the commission of the alleged error must have "manifestly changed the outcome" of the decision being attacked on the basis of CUE at the time that decision was rendered. Evans v. McDonald, 27 Vet. App. 180, 185 (2014), aff'd, 642 F. App'x 982 (Fed. Cir. 2016); Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russell v. Principi, 3 Vet. App. 310, 313-14 (1992).

Review for CUE in a prior Board decision must be based on the record and the law that existed when that decision was made. To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1403, 20.1404.

The error must be of a type that is outcome-determinative, and subsequently developed evidence may not be considered in determining whether an error existed in the prior decision. See Porter v. Brown, 5 Vet. App. 233, 235-36 (1993); Glover v. West, 185 F.3d 1328 (Fed. Cir. 1999). A manifest change in the outcome of an adjudication means that, absent the alleged CUE, the benefit sought would have been granted at the outset. King v. Shinseki, 26 Vet. App. 433, 441 (2014). The standard is not whether it is reasonable to conclude that the outcome would have been different. Id. at 442.

The Veteran filed a service connection claim for skin disease in July 1967. The Veteran underwent a VA examination in August 1967 which documents the Veteran had no definite skin disease at that time. The Veteran stated that he had a diagnosis of herpes simplex involving the penis and surrounding areas, but it was not bothering him at that time. It was documented that on the dorsum of the penis, there was some slight brownish pigmentation, but no active skin disease found at the time of the examination. The physician determined the Veteran did not have skin disease. 

A November 1967 deferred rating decision notes the Veteran reported acute flare up of his skin disability.

A November 1967 VA examination report noted that on the sulcus of the glans of the genitals was a vesicle that was pinhead in size and on the pubic region within the hairline was a second similar lesion of like size. There was no other evidence of skin disease present at that time. There was a diagnosis of dermatitis, shaft of penis and suprapubic region. 

A December 1967 rating decision granted service connection for dermatitis of the shaft of penis and suprapubic region and assigned a noncompensable rating from October 1, 1967. 

At the time of December 1967 rating decision, a noncompensable (0 percent) evaluation was established based on slight involvement; if any, exfoliation, exudation or itching, if on a non-exposed surface or small area (38 C.F.R. § 4.118 effective from May 22, 1964). A 10 percent rating was warranted for slight involvement; if involving an exposed surface or extensive area (38 C.F.R. § 4.118 effective from May 22, 1964). A 30 percent rating was warranted for exudation or itching constant, extensive lesions, or marked disfigurement (38 C.F.R. § 4.118 effective from May 22, 1964), and a 50 percent rating was warranted with ulceration or extensive exfoliation or crusting, and systemic or nervous manifestations, or exceptionally repugnant (38 C.F.R. § 4.118 effective from May 22, 1964). 

In the August 2020 rating decision, the RO determined that because the Veteran's lesions were considered to be "slight" in nature of involvement with two "pinhead" sized lesions of an unexposed area, a noncompensable (0 percent evaluation) was assigned and thus a review of the medical evidence of record before the RO in 1967 does not show this condition met the criteria for any higher evaluation to be assigned.

The Board agrees and finds there was no CUE in the RO's December 1967 rating decision. The December 1967 rating decision considered the August and November 1967 VA examinations. The August 1967 VA examiner indicated that examination of the Veteran did not reveal any skin disease. The examiner noted some slight brownish discoloration but determined there was no active skin disease found at the time of the examination. Similarly, the November 1967 VA examiner observed two pinhead sized lesions and on the sulcus of the glans of the penis and pubic region within the hairline. There was no other evidence of skin disease present at that time. Based on the reports of the examination, the RO assigned an initial noncompensable rating, consistent with Diagnostic Code 7817 for slight involvement; if any, exfoliation, exudation or itching, if on a non-exposed surface or small area. Therefore, it was reasonable for the RO to conclude that the descriptions of the Veteran's dermatitis of the genitals was consistent with slight involvement, commensurate with a noncompensable rating.

The record shows that the correct facts, as they were known at the time, were before the RO during the December 1967 rating decision; the record does not establish that the RO incorrectly applied statutory or regulatory provisions at the time such that the outcome of the claim would have been manifestly different but for the error.

Ultimately, even if reasonable minds could differ regarding the Veteran's rating assigned based on the facts at the time in front of the adjudicator, it is not absolutely clear that a different result would have ensued, therefore the error complained of cannot be clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993) (citing Russell, 3 Vet. App. at 313-14). CUE cannot include a disagreement as to how the facts were weighed or evaluated. See 38 C.F.R. § 20.1403(d)(3); Hillyard v. Shinseki, 24 Vet. App. 343, 349 (2011). Here, the Veteran is essentially asking that the evidence known at the time be weighed again for a different outcome. Therefore, the Board finds that there was no CUE in the RO's assignment of a noncompensable rating for dermatitis of the shaft of the penis in the December 1967 rating decision.

The Veteran also appears to argue that the Board has violated the duty to assist the Veteran by failing to provide him with an adequate medical examination because the examiners who evaluated the Veteran were not doctors and that the RO did not consider all records. See 38 C.F.R. § 3.326. However, the August 1967 and November 1967 VA examination reports were each signed by physicians and reviewing physicians. Further, a violation of the duty to assist cannot form the basis for CUE. See Cook v. Principi, 318 F.3d 1334, 1345-47 (Fed. Cir. 2002) (citing Caffrey v. Brown, 6 Vet. App. 377 (1994) (holding that a CUE claim is an attack on a prior judgment that asserts an incorrect application of law or fact, and that an incomplete record, factually correct in all other respects, is not CUE). As noted by the Federal Circuit in Cook, the requirements that a CUE be both outcome determinative and based on the record that existed at the time of the original decision make it impossible for a breach of the duty to assist to form the basis for a CUE claim. Cook, 318 F.3d at 1346. The RO also considered the VA examination reports in assigning an initial noncompensable evaluation and therefore all evidence and correct facts were before the RO in 1967. In addition, any assertion as to the RO's violation of a duty to assist by not conducting record development in supporting the Veteran's claim cannot be CUE. Id. 

In a January 2016 statement, the Veteran contends that the December 1967 rating decision did not consider service treatment records; however, such records were in fact considered in granting service connection and the Veteran was provided with two examinations in 1967 to evaluate the severity of dermatitis of the genitals.

Further, in multiple statements, including an August 2012 statement, the Veteran contends that a higher initial rating was warranted because his later diagnosed skin cancer was not considered in the noncompensable rating for dermatitis. First, the Board notes that skin cancer is a distinct diagnosis from dermatitis, which was not diagnosed until many years after the issuance of the December 1967 rating decision. To the extent the Veteran claims that the record during the prior claims period might have potentially deserved further exploration of the diagnosis of skin cancer or any other skin disease, any failure to obtain a clarifying diagnosis goes to the duty to assist, and such errors cannot be CUE. 38 C.F.R. § 20.1403(d) (changed medical diagnosis and change in interpretation of a statute or regulation cannot constitute CUE). In addition, although service connection for skin cancer was ultimately granted by the Board and implemented by the RO in a November 2016 rating decision, the evidence and arguments supporting the basis of the grant was not before the RO in December 1967, and thus, cannot be considered in determining whether there was CUE in the December 1967 rating decision. Id. 

In conclusion, the Veteran has not identified a CUE in the December 1967 rating decision that, but for the error, would have resulted in a manifest change in the outcome. Accordingly, the motion to revise or reverse the December 1967 rating decision that assigned an initial noncompensable rating for dermatitis of the genitals on the grounds of CUE is denied.

 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Sarah Campbell, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.