Citation Nr: 1550112 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 14-101 45 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Whether there was clear and unmistakable error (CUE) in the February 2013 Board decision that denied entitlement to an initial compensable evaluation for bilateral hearing loss. 

REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

E. D. Anderson, Counsel


INTRODUCTION

The Veteran served on active duty from January 1964 to January 1967. 

This matter comes before the Board of Veterans' Appeals (the Board) based on a July 2013 motion filed by the moving party that sought a revision of a December 2013 Board decision on the basis of CUE. See 38 U.S.C.A. § 7111 (West 2014); 38 C.F.R. § 20.1400 et seq. (2015).



FINDINGS OF FACT

1. In a February 15, 2013 decision, the Board denied entitlement to an initial compensable disability evaluation for the Veteran's service connected bilateral hearing loss.
 
2. The moving party has failed to show that the applicable statutory and regulatory provisions existing at the time of the February 2013 Board decision denying entitlement to an initial compensable disability evaluation for service connected hearing loss were incorrectly applied, such that they involved undebatable error that would have led to a materially different outcome.


CONCLUSION OF LAW

The Board's February 2013 decision does not contain CUE regarding the denial of entitlement to an initial compensable disability evaluation for service connected bilateral hearing loss. 38 U.S.C.A. § 7111 (West 2014); 38 C.F.R. §§ 20.1400, 20.1403, 20.1404 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The moving party contends that a February 2013 Board decision was clearly and unmistakably erroneous in denying him entitlement to an initial compensable disability evaluation for his service connected bilateral hearing loss. 

A final decision by the Board is subject to revision on the grounds of clear and unmistakable error. If evidence establishes such error, the prior Board decision shall be reversed or revised. See 38 U.S.C.A. § 7111 (West 2014); 38 C.F.R. §20.1400 (2015).

The review for clear and unmistakable error in a prior Board decision must be based on the record and the law that existed when that decision was made. 38 C.F.R. § 20.1403(b). Thus any new evidence added to the file, as distinguished from argument, cannot be considered. To warrant revision of a Board decision on the grounds of clear and unmistakable error, there must have been an error in the Board's adjudication of the appeal that, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. See 38 C.F.R. § 20.1403(b), (c); see also Bustos v. West, 179 F.3d 1378 (Fed. Cir. 1999).

CUE is established when all the following conditions have been met: (1) Either the correct facts were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied; (2) the alleged error is "undebatable," not merely a "disagreement as to how the facts were weighed or evaluated"; and (3) the error "manifestly changed the outcome" of the prior decision. King v. Shinseki, 26 Vet. App. 433, 439 (2014) ("A manifest change is not, for example, whether the regional office would have been required to send the medical report back to [the doctor] for clarification, but rather that [the appellant] undoubtedly would have been granted a disability rating greater than 10% for his [disability]."), Damrel v. Brown, 6 Vet. App. 242, 245 (1994); see Bustos v. West, 179 F.3d at 1380-81 (expressly adopting the "manifestly changed outcome" standard). 

Examples of situations that are not CUE include: (1) a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; (2) a failure to fulfill VA's duty to assist the veteran with the development of facts relevant to his claim; or (3) a disagreement as to how the facts were weighed or evaluated. See 38 C.F.R. § 20.1403(d). 

CUE is a very specific and rare kind of error. CUE is the kind of error to which reasonable minds could not differ, that the result would have been manifestly different but for the error. See Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). CUE is an administrative failure to apply the correct statutory and regulatory provisions to the correct and relevant facts. See Oppenheimer v. Derwinski, 1 Vet. App. 370, 372 (1992). The mere misinterpretation of facts or failure to fulfill the duty to assist does not constitute CUE. See Thompson v. Derwinski, 1 Vet. App. 251, 253 (1991); Crippen v. Brown, 9 Vet. App. 412, 424 (1996); see also Damrel, 6 Vet. App. at 245 (holding that a valid CUE motion requires that the Veteran assert more than a disagreement as to how the facts were weighed or evaluated). 

CUE also does not encompass the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation. See 38 C.F.R. § 20.1403(e) 

The motion to review a prior final Board decision on the basis of clear and unmistakable error must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non- specific allegations of error, are insufficient to satisfy this requirement. Motions that fail to comply with these requirements shall be dismissed without prejudice to refiling. See 38 C.F.R. § 20.1404(b); see also Disabled American Veterans v. Gober, 234 F.3d 682 (Fed. Cir. 2000); Simmons v. Principi, 17 Vet. App. 104 (2003).

The moving party has articulated several allegations of error in his CUE motion. His arguments are confusingly worded, but appear to fall into three general categories. First, the moving party has alleged that he did not receive adequate notice or assistance from VA during the claims process. He has further alleged that important facts relevant to his case were ignored by the Board and that the law was not correctly applied. 

As an initial matter, the moving party has taken issue with the notice and assistance he received from others during the claims process. 

He claims:

Board (Dc. at 4) erred in concluding : "The Veteran has not made the Board aware of any additional evidence that needs to be obtained prior to appellate review;" WHERE the Department of Veterans Affairs incorrectly applied 38 C.F.R. § 3.159 (e) failed it is duty to notify claimant of inability to obtain records VA was able to obtain; contradicting Board finding that VA fulfilled its duties to notify and assist the Veteran. (Emphasis in original).

As the moving party fails to elaborate, it is unclear to the Board what evidence he believes the Board failed to obtain. Regardless, as noted above, a failure to fulfill VA's duty to assist a veteran, such as a failure to obtain records or obtain a medical opinion, cannot provide the basis of a CUE motion. See 38 C.F.R. § 20.1403(d); Cook v. Principi, 318 F.3d 1334 (Fed. Cir. 2002). Accordingly, the moving party's allegations that Board failed to fulfill its duty to notify and assist does not constitute CUE. 

The moving party has also alleged that the Board made factual errors in its February 2013 Decision. Specifically, the moving party alleged that the Board erred by stating in its decision that the December 2011 examiner reported that the Veteran denied dizziness, otalgia, or other ear problems. However, since the December 2011 VA examiner in fact stated this in the examination report, the Board cannot be in error for citing to this finding. The Veteran appears to confuse this reference to the December 2011 VA examination report with a finding of fact that the Veteran does not have vertigo. However, the February 2013 Board Decision does not make a formal finding one way or the other regarding whether or not the Veteran has vertigo and, if so, whether or not that disability is service connected. It is important for the Veteran to understand that the only issue that the Board had jurisdiction to decide in February 2013 was whether the Veteran was entitled to a higher disability evaluation for his service connected bilateral hearing loss. In his submission, the Veteran appears to treat his hearing loss, tinnitus, and vertigo as if they are one disability, instead of three separate disabilities. While hearing loss, tinnitus, and, in some cases, vertigo are disabilities affecting the ears, they are separate medical conditions for which separate disabilities evaluations are assigned. Thus, the fact that the Veteran may also have tinnitus or vertigo does not entitle him to a higher rating for his hearing loss disability and all the evidence the Veteran has submitted related to his treatment for vertigo is irrelevant to the issue of whether he is entitled to a higher disability evaluation for his hearing loss. Disability evaluations for hearing loss are based solely on the results of puretone audiometric testing and speech recognition scores. See 38 C.F.R. § 4.85. The Board notes that the issue of entitlement to service connection for vertigo was denied by the RO in a September 2010 RO decision, and the Veteran did not appeal. Thus, the Board in February 2013 did not have jurisdiction over this issue nor does the Board now. To the extent the Veteran is seeking additional compensation for vertigo, the appropriate remedy is to petition the RO to reopen his claim for entitlement to service connection for vertigo, not file a CUE motion. 

The Veteran has also complained that the Board "excluded" "relevant" evidence, including "January 28, 2008 Department of Veterans Affairs letter noted receipt of Veteran application for benefits received on December 27, 2007"; "Department of Veterans Affairs September 17, 2008 decision letter that granted Veteran 10% for tinnitus and 0% for Bilateral hearing loss, effective December 2007"; "Department of Veterans Affairs letter dated April 16, 2009 on receipt of Veteran Notice of Disagreement on November 19, 2008"; and "RO September 14, 2010 rating decision and September 16, 2010 decision letter that noted RO September 21, 2009 receipt of Veteran claim for Vertigo secondary to veteran service connected bilateral hearing loss denied September 14, 2010." 

First, the Board notes that these documents can be considered "excluded" only in the sense that they were not explicitly listed by the Board in its February 2013 Decision. They are associated with the claims file and there is no reason to believe that they were not reviewed by the Veterans Law Judge adjudicating the Veteran's claim in February 2013. The Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). 

More importantly, the Board rejects the moving party's allegation that these records are in any way relevant to the issue of whether the Veteran's bilateral hearing loss is correctly evaluated. The documents the moving party refers to are administrative in nature, created to inform the Veteran regarding the status of his claim. They do not contain any medical evidence showing that the Veteran's hearing loss is more severe than presently rated. Accordingly, the Board finds the above arguments to be without any merit. 

Finally, the moving party has alleged that the Board improperly applied the law by failing to rate his hearing loss disability under Diagnostic Code 6205, which rates Meniere's syndrome. However, the Veteran is not service connected for Meniere's syndrome. Indeed, it does not appear that he has ever been diagnosed with this condition. As the Board previously noted, the Veteran appears confused about the scope of what was before the Board in February 2013. Although the only issue certified for appeal was the issue of entitlement to an initial compensable evaluation for the Veteran's service connected bilateral hearing loss, he repeatedly complains about his tinnitus and vertigo as well, and seems to believe that the presence of these disabilities should somehow entitle him to a higher disability rating for his hearing loss, simply because he believes that they are all related. However, hearing loss, tinnitus, and vertigo are three distinct medical conditions, which are rated separately. To the extent the Veteran is attempting to seek a higher rating for his service connected tinnitus or reopen his claim for entitlement to service connection for vertigo, a CUE motion is not the appropriate means to do so. 

VA regulations provide specific criteria for evaluating the severity of hearing impairment, set forth at 38 C.F.R. § 4.85, which the Board used in February 2013 to evaluate whether the Veteran's service connected hearing is appropriately rated. The February 2013 Decision discusses in detail the application of Table IV to the results of the Veteran's audiological testing, which results in a non-compensable (0%) rating for the Veteran's bilateral hearing loss. Significantly, the moving party does not argue that the Board erred in applying this rating schedule. He simply believes that he deserves a higher level of compensation than the Rating Schedule provides for. Although the Board is sympathetic to the moving party's argument that in light of his documented hearing loss, he should be entitled to at least a compensable disability rating, the service connected disability at issue in February 2013 was hearing loss, not Meniere's disease or vertigo. Accordingly, Diagnostic Code 6205 is not an appropriate diagnostic code in this case, and the Board's decision not to rate the Veteran's hearing loss under Diagnostic Code 6502 is not CUE. 

Although the moving party has attempted to argue both that the correct facts, as they were known at the time, were not before the Board, or that the statutory and regulatory provisions extant at the time were incorrectly applied, ultimately his lengthy allegations of error are a dispute about how the evidence in his case has been evaluated. The moving party believes he is entitled to greater benefits and is unhappy that his claim was denied, which is certainly understandable, but is not CUE. The moving party has not presented any evidence of an undebatable error in the February 2013 Board Decision of the sort which, if it had not been made, would have manifestly changed the outcome at the time it was made. 

Therefore, on the evidence that was of record at the time of the February 2013 Board decision, and the law as it stood at that time, the Board finds that the February 2013 decision did not contain CUE as to the denial of entitlement to an initial compensable disability evaluation for his service connected bilateral hearing loss. Although the Board is grateful for the Veteran's honorable service, the motion is accordingly denied.

The VCAA provides that VA shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. In part, the VCAA specifically provides that VA is required to make reasonable efforts to obtain relevant governmental and private records that the claimant adequately identifies to VA and authorizes VA to obtain. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

In Livesay v. Principi, 15 Vet. App. 165 (2001), the Court held in part that "there is nothing in the text or the legislative history of VCAA to indicate that VA's duties to assist and notify are now, for the first time, applicable to [CUE] motions." See Livesay, 15 Vet. App. at 179. It was observed that CUE motions are not conventional appeals, but rather are requests for revision of previous decisions. An assertion of CUE is not by itself a claim for benefits. Thus, CUE is fundamentally different from any other kind of action in the VA adjudicative process. A litigant alleging such error is not pursuing a claim for benefits, but rather is collaterally attacking a final decision. Thus, a "claimant," as defined by 38 U.S.C.A. § 5100 (West 2014), cannot encompass a person seeking a revision of a final decision based upon CUE. As a consequence, VA's duties to notify and assist contained in the VCAA are not applicable to CUE motions.

Based on the precedential decision of the Court in Livesay, the Board concludes that the moving party's CUE motion is not subject to the provisions of the VCAA.


ORDER

The motion to revise the Board's February 2013 decision that denied entitlement to an initial compensable evaluation for bilateral hearing loss is denied.



____________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs