*1379
 
 DECISION
 

 GAJARSA, Circuit Judge.
 

 Mr. Trinidad G. Bustos appeals the April 1, 1998 decision of the United States Court of Appeals for Veterans Claims,
 
 [1]
 
 No. 96-1567, affirming the decision of the Board of Veterans’ Appeals (the “Board”), which denied his claim of clear and unmistakable error (“CUE”) in a prior rating decision. We affirm.
 

 BACKGROUND
 

 Mr. Bustos served on active duty with the Army from October 1969 to August 1972. In 1986, Mr. Bustos submitted a claim for post-traumatic stress disorder (“PTSD”). In a June 1986 regional office (“RO”) decision, he was denied service connection for PTSD. Because of his prior history of drug and alcohol abuse, he was also denied service connection for alcohol and substance abuse. Mr. Bustos was subsequently treated for PTSD and alcohol abuse during the summer of 1987. He was hospitalized several times from July 1987 to February 1988 and was diagnosed with PTSD, alcohol dependence, and polysub-stance abuse. An April 1988 treatment record indicated that he had received intensive treatment for PTSD. In a June 29, 1988 rating decision, he was granted a noncompensable rating for service connection for PTSD effective 1984. However, he was denied service connection for alcohol and substance abuse.
 

 In 1990, Mr. Bustos attémpted to reopen his claim. The RO granted him a 30% disability rating for PTSD, but continued to deny service connection for alcohol and substance abuse. Eventually, he received a 100% disability rating for PTSD, but was never granted service connection for his alcohol and substance abuse." Mr. Bustos contended that there was CUE in the June 29, 1988 RO rating decision because the RO failed to consider entitlement to service connection for drug and alcohol abuse as secondary to PTSD. On September 26, 1996, the Board of Veterans’ Appeals determined that there was no CUE in that rating decision.
 

 The Court of Appeals for Veterans Claims affirmed the decision of the Board. The court explained that, even if the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error is not CUE. The court also stated that a claim of CUE based on a previous adjudication’s improper weighing of the evidence cannot meet the criteria for CUE. In applying these standards to Mr. Bustos’ ease, the court considered his argument that the RO and the Board had not specifically discussed evidence which existed at the time of the 1988 rating decision. The court held that, even if the evidence cited by Mr. Bustos had been considered, it would merely put the totality of the evidence in equipoise; it would not “manifestly change” the result of the rating decision. Thus, because the error would not have “manifestly changed” the outcome of his original rating decision, Mr. Bustos had not demonstrated CUE with respect to the 1988 rating decision. Mr. Bustos appeals.
 

 DISCUSSION
 

 A. Standard of Review
 

 Our review of decisions of the Court of Appeals for Veterans Claims is limited. Under 38 U.S.C. § 7292(c), we have the
 
 *1380
 
 exclusive jurisdiction to “review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” We have the authority to decide all relevant questions of law and can set aside a regulation or an interpretation of a regulation relied upon by the Court of Appeals for Veterans Claims when we find it to be arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law.
 
 See
 
 38 U.S.C. § 7292(d)(1) (1994). Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case.
 
 See
 
 38 U.S.C. § 7292(d)(2) (1994).
 

 B. Analysis
 

 Generally, ratings decisions by the Department of Veterans Affairs are deemed “final and binding ... as to conclusions based on the evidence on file at the time the VA issues written notification” of a decision. 38 C.F.R. § 3.104(a). An exception to this rule is found in another regulation that allows a prior final decision to be re-opened when there is CUE. That regulation provides:
 

 Previous determinations which are final and binding, including decisions of service connection, degree of disability, age, marriage, relationship, service, dependency, line of duty, and other issues, will be accepted as correct in the absence of
 
 clear and unmistakable error.
 
 Where evidence establishes such error, the pri- or decision will be reversed or amended.
 

 38 C.F.R. § 3.105(a) (emphasis added). A claim of CUE is therefore a collateral attack on a final RO decision.
 

 The Court of Appeals for Veterans Claims has interpreted this regulation to require that a final RO decision be reopened only when the claimed error, had it not been made, “would have manifestly changed the outcome at the time it was made.”
 
 Russell v. Principi,
 
 3 Vet.App. 310, 313 (1992);
 
 see also Fugo v. Brown,
 
 6 Vet.App. 40, 43-44 (1993). On appeal to our court, Mr. Bustos’ sole argument is that the Court of Appeals for Veterans Claims’ interpretation of CUE in § 3.105 is erroneous. Mr. Bustos argues that an error may be clear and unmistakable regardless of its effect on the outcome of a case. In addition, he argues that the “manifestly different outcome” standard is too stringent. A ratings decision, according to Mr. Bustos, should be revised when correction of a clear error “might possibly change the outcome” and when the error “seriously affects the fairness, integrity, or public reputation of the proceedings.” Mr. Bus-tos thus focuses his appeal solely on the standard for determining the existence of CUE.
 

 The government argues that the Court of Appeals for Veterans Claims correctly construed CUE in the regulation to require re-opening of prior decisions only when the veteran shows that the error was outcome-determinative. According to the government, errors that are harmless cannot serve as the basis for a collateral attack to re-open a final judgment. As further support, the government cites to the legislative history underlying the 1997 enactment of 38 U.S.C. §§ 5109A and 7111 in which Congress codified the right to seek RO adjudication of CUE and created the right to claim CUE with respect to Board decisions. This legislative history cites favorably to the Court of Appeals for Veterans Claims’ interpretation of the CUE standard. Further, the government argues that the Court of Appeals for Veterans Claims’ interpretation of CUE in § 3.105(a) is consistent with the other pro
 
 *1381
 
 visions in § 3.105. We agree with the government.
 

 The requirement that CUE must be outcome-determinative is consistent with the other provisions in § 3.105. This regulation states that prior decisions based on CUE will be “reversed or amended” and contemplates that such reversals and amendments will have a dispositive impact on the outcomes of the prior decisions. For example, § 3.105(a) provides that, when new benefits are authorized as a result of a finding of CUE, the benefits will be made effective as of the date of the reversed decision.
 
 See
 
 38 C.F.R. § 3.105(a) (“For the purpose of authorizing benefits, the rating or other adjudicative decision which constitutes a reversal of a prior decision on the grounds of clear and unmistakable error has the same effect as if the corrected decision had been made on the date of the reversed decision.”). The regulation then provides the procedure for reducing the benefits granted as a result of CUE.
 
 See
 
 38 C.F.R. § 3.105(a) (“Except as provided in paragraphs (d) and (e) of this section, where an award is reduced or discontinued because of an administrative error or error in judgment, the provisions of § 3.500(b)(2) will apply.”). The regulation does not discuss amendments of prior decisions because of CUE when there is no dispositive impact on the ultimate outcome.
 

 In addition, as this court has stated previously, 38 U.S.C. § 5109A made no change to the substantive standards governing modifications of RO decisions because of CUE.
 
 See Donovan v. West,
 
 158 F.3d 1377, 1382-83 (Fed.Cir.1998). This statutory provision merely codified 38 C.F.R § 3.105 and the Court of Appeals for Veterans Claims’ long standing interpretation of CUE.
 
 See id.;
 
 S.Rep. No. 105-157, at 3-5, 8 (1997); H.R.Rep. No. 105-52, at 2-3 (1997). Such codification of CUE by Congress lends further support to the argument that the Court of Appeals for Veterans Claims’ interpretation of CUE was an appropriate reflection of how Congress intended the veterans’ benefits scheme to function.
 

 Given that the other provisions in § 3.105 contemplate that CUE be outcome-determinative and the fact that 38 U.S.C. § 5109A codified this regulation and the long standing interpretation of CUE, we cannot say that the Court of Appeals for Veterans Claims’ interpretation of CUE is arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law.
 
 See
 
 38 U.S.C. § 7292(d) (1994). We therefore hold that, to prove the existence of CUE as set forth in § 3.105(a), the claimant must show that an outcome-determinative error occurred, that is, an error that would manifestly change the outcome of a prior decision.
 

 CONCLUSION
 

 In view of the foregoing, the decision of the Court of Appeals for Veterans Claims is
 

 AFFIRMED.
 

 COSTS
 

 Each party to bear its own costs.
 

 [1]
 

 . On March 1, 1999 the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105-368, sec. 511, 112 Stat. 3315, 3341 (1998). We refer throughout this opinion to the court by its new name even though at the time of the proceedings and order here reviewed, it was not yet so named.