ARCHER, Senior Circuit Judge.
Carl P. Schutte appeals the judgment of the Court of Appeals for Veterans Claims (“CAVC”),[1] modifying an earlier decision by Judge Steinberg and affirming the determination of the Board of Veterans Appeals (“BVA”) that Schutte was not entitled to an earlier effective date for service connection for facial scarring. We affirm.
BACKGROUND
Schutte actively served in the U.S. Army from May 1962 to May 1964, On February 16, 1964, while attempting to break up an altercation between two patrons of Santia’s Show Bar, Schutte was forcibly struck in the left eye with the end of a broken bottle. He was admitted to a Detroit, Michigan hospital where he was treated and subsequently underwent several operations, including evisceration of the left eyeball. The clinical record indicates that upon initial examination, Schutte’s wounds included a laceration “through the entire cornea,” separating the temporal third of the cornea from the medial two thirds, and apparently dislodging the lens, which was never recovered. Schutte also suffered “ragged lacerations through all layers” of his upper and lower eyelid. He further suffered “three deep one cm. facial lacerations in the region of the orbit.” He was initially diagnosed with: (1) “penetrating wound of left eyeball”; (2) “[ljaceration of left upper eyelid including involvement of the punctum”; (3) “[ljaceration of the left lower eyelid”; and (4) “[fjacial lacerations.”
Schutte was transferred to a U.S. Naval Hospital, where a medical board conducted a second medical examination. On March 27, 1964, the Naval medical board found Schutte to be in “no distress” with the “only remarkable findings being limited to the eyes and eyelids.” This examination revealed that Schutte’s lacerations were “well healed,” and deleted the prior diagnoses relating to the lacerations as “healed on admission.” An additional diagnosis was also added: “[ajbsence of eyeball, due to surgical procedure.”
Upon being honorably discharged in August 1964, Schutte filed a claim for compensation, indicating his nature of sickness, disease, or injury to be “loss of left eye.” The VA Regional Office (“RO”) awarded service connection for “absence acquired, surgical, left eye secondary to wound injury,” assigned a 40% rating, and *789 awarded special monthly compensation. No compensation was awarded in connection with any facial scarring. Sehutte did not appeal the RO’s decision.
In January 1994, Sehutte sought to reopen his service connection claim to include compensation for scarring around his left eye. A February 1994 physical examination revealed the presence of “[h]ealed periorbital scars.” In July 1995, the RO granted a separate disability rating of 10% associated with the facial scarring, effective January 11, 1994 (the date that Schutte’s request to reopen his claim was received by the RO). Sehutte then sought an earlier effective date for the service connection associated with his facial scarring, namely, the date of his previous application, August 1964.
Sehutte argued that the August 1964 rating decision should be reopened due to clear and unmistakable error (CUE) in the RO’s failure to rate his facial scarring. His claim was denied by the RO and this decision was affirmed by the BVA. Sehutte then appealed to the CAVC. Sehutte also petitioned the BVA for reconsideration of its decision. When this petition was denied, Sehutte appealed this decision as well to the CAVC.
In reviewing Schutte’s appeals, the CAVC (Judge Steinberg, sitting alone) denied the majority of Schutte’s arguments, but remanded Schutte’s CUE claim to the BVA in light of additional arguments raised by Sehutte on appeal. On reconsideration by a full panel, however, the CAVC vacated the remand decision of the CUE matter, and affirmed the remainder of the decision, thereby denying all of Schutte’s claims.
Sehutte now argues several grounds of error in the CAVC decision. Sehutte contends that the RO and the BVA misinterpreted 38 U.S.C. § 3001(a) as requiring that an applicant expressly list all residuals of a claimed in-service injury in order for the RO to rate such residuals. Sehutte next argues that the CAVC erred in imposing a heightened pleading requirement for CUE claims, which has no basis in the pertinent regulations. Sehutte further argues that the CAVC erred in rejecting his 5th Amendment claim that he was denied his rights to procedural due process in connection with the RO’s failure to notify him that it had not rated his facial scarring. Finally, Sehutte argues that the CAVC improperly dismissed his appeal of the BVA Chairman’s denial of reconsideration.
DISCUSSION
I. Jurisdiction
This court only has jurisdiction to review a decision of the CAVC “with respect to the validity of any statute or regulation ... or any interpretation thereof (other than the determination as to a factual matter) that was relied on ... in making the decision.” 38 U.S.C. § 7292(a) (1994). We have the authority to decide all relevant questions of law and can set aside a regulation or interpretation of a regulation relied upon by the CAVC when we find it to be arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power privilege, or immunity; in excess of statutory authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. 38 U.S.C. § 7292(d)(1) (1994); Bustos v. West, 179 F.3d 1378, 1380 (Fed.Cir.1999).
Except to the extent that an appeal presents a constitutional issue, this court may not review a challenge to a factual determination, or a challenge to the application of a law or regulation to the facts of a particular case. 38 U.S.C. § 7292(d)(2).
*790 This Court reviews questions of statutory interpretation de novo. Smith v. Broum, 35 F.3d 1516, 1517 (Fed.Cir.1994).
II. Interpretation of 38 U.S.C. § 3001(a) (currently § 5101(a))
Contrary to Schutte’s assertions, neither the BVA nor the CAVC interpreted or applied 38 U.S.C. § 3001(a) (currently § 5101(a)) to require that a veteran expressly list all residuals of a claimed in-service injury before the Department of Veterans Affairs (“DVA”) is obliged to ascertain the extent of ratable disability. They did not base their decision on Schutte’s failure to list facial scarring explicitly in his 1964 application for compensation. Rather, the BVA and CAVC each found that the record before the RO in 1964 failed to demonstrate any facial scarring. Accordingly, we are not persuaded by Schutte’s arguments that the BVA misinterpreted 38 U.S.C. § 3001(a).
III. Heightened Pleading Requirement for CUE
In its reconsideration panel decision, the CAVC held that Schutte failed to raise his CUE claim with the requisite particularity for such claims. On this basis, the panel vacated an earlier memorandum decision by Judge Steinberg on this issue, and affirmed the BVA’s denial of Schutte’s CUE claim. Schutte argues that the pleading requirements imposed by the CAVC have no basis in the pertinent regulations. He contends that they are judicially created and are inconsistent with the general purpose and mission of the DVA.
An assertion of CUE is essentially a collateral attack on an otherwise final decision of the DVA. Bustos v. West, 179 F.3d 1378, 1380 (Fed.Cir.1999). Ratings decisions by the DVA are deemed “final and binding ... as to conclusions based on the evidence on file at the time the [DVA] issues written notification of the decision.” See 38 C.F.R. § 3.104(a). The veteran then has only limited options in contesting this decision. He may appeal the decision of the RO to the BVA or he may attempt to reopen his claim before the RO based on new and material evidence (38 U.S.C. § 5108) or he may later attack the RO’s decision directly by alleging CUE (38 C.F.R. § 3.105).
Revision of a decision of the RO due to Clear and Unmistakable Error is described at 38 C.F.R. § 3.104 et seq.[2] The regulations do not explicitly describe what constitutes CUE, but the CAVC interpreted these regulations in a series of decisions, fleshing out the boundaries of such error. ■ The CAVC determined that CUE is “a rare kind of error ... the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error.” Fugo v. Brown, 6 Vet.App. 40, 43-4 (1993) (emphasis in original). Moreover, a claim that previous adjudications “improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE.” Fugo, 6 Vet.App. at 44 (citing Russell v. Principi, 3 Vet.App. 310, 313 (1992)(en banc)). According to the CAVC, CUE claims must also meet a heightened pleading requirement whereby, unless the error alleged would be CUE on its face, “persuasive reasons must be given as to why the result would have been different buit for the alleged error.” Fugo, 6 Vet.App. at 44. Mere broad-brush allegations *791 of failure to follow the regulations or failure to give due process or general, nonspecific allegations of error are insufficient to raise a CUE claim. Fugo, 6 Vet.App. at 44.
On appeal, Schutte has challenged the pleading requirements adopted by the CAVC. Schutte notes that the pertinent regulations contain no pleading requirements, much less the heightened pleading requirement imposed by the CAVC. Schutte argues that the absence of pleading requirements in the regulations for CUE claims precludes the CAVC standards because other portions of the same regulations require heightened standards for government allegations of clear and unmistakable error in decisions that favor the veteran. See 38 C.F.R. § 3.105(d) and (e). Schutte further notes that the CAVC’s heightened pleading requirement is inconsistent, in general, with the non-adversarial, pro-claimant adjudicatory system of the DVA.
The government responds that the language of 38 C.F.R. § 3.105(a), viewed in the context of the overall regulation, supports the CAVC’s heightened pleading requirement. Because CUE is essentially a collateral attack on an otherwise final decision, the government contends that a wellpled claim of CUE must do more than simply claim “clear and unmistakable error” in order to justify review of such a final decision. Moreover, the government argues that Congressional codification of the CUE standard in 1997 in 38 U.S.C. § 5109A strongly suggests approval of the CAVC’s interpretation of CUE. Indeed, the Veterans’ Affairs committees of both the House of Representatives and Senate cited favorably to the language in Fugo describing the heightened pleading requirement for CUE. S.Rep. No. 157, 105th Cong, at 3 (1997); H.R.Rep. No. 52, 105th Cong, at 3 (1997).
We find the government’s arguments to be persuasive. Moreover, the government’s position is supported by pri- or decisions by this court. In Bustos, 179 F.3d at 1381, we held that the “codification of CUE by Congress lends further support to the argument that the [CAVC’s] interpretation of CUE was an appropriate reflection of how Congress intended the veteran’s benefits scheme to function.” In Haines v. West, 154 F.3d 1298, 1300 (Fed. Cir.1998), we stated that:
a CUE claim is not a conventional appeal, but rather is a request for revision of a decision by the Secretary. It is thus a means for correction of a clearly and unmistakably wrong decision, compared with an appeal to the board, which permits review of decisions that, while in error, do not meet the clear and unmistakable tests.
Because a CUE claim attempts to change a prior final decision, the CAVC has correctly held that mere generalized non-specific allegations of error cannot rise to the level of CUE.
For the reasons stated and based on all of the evidence, we conclude that the CAVC’s interpretation of 38 C.F.R. § 3.105(a), requiring a heightened pleading requirement, is proper.[3]
*792 IV. Denial of Procedural Due Process
Schutte further claims legal error in the CAVC’s denial of his due process claim. Schutte contends that he was denied “adequate notice and an opportunity to respond to the VA’s failure to rate all residuals of the in-service eye injury.” Schutte asserts that the record before the RO in 1964 demonstrated the presence of facial scarring, entitling him to a rating decision. In direct contradiction to this premise, the CAVC found that “the evidence before the RO in 1964 did not show the presence of any facial scars.” We are statutorily required to accept the factual findings of the CAVC, including this finding. 38 U.S.C. § 7292(d)(1). Therefore, since the underlying premise of Schutte’s constitutional claim must be rejected, we must reject the overall claim as well.
V. Appeal of the Chairman’s Decision
Finally, Schutte argues that the CAVC erred in dismissing his appeal of the BVA Chairman’s denial of his motion for reconsideration of the BVA’s decision. Schutte contends that the CAVC erroneously viewed the scope of its jurisdiction over such appeals, causing it to dismiss this claim without ever reaching the merits. We are not persuaded.
The CAVC noted that it has exercised jurisdiction over an appeal of the Chairman’s decision only where it had jurisdiction over the appeal of the underlying BVA decision and where the movant has alleged new evidence or changed circumstances. Schutte v. West, No. 97-132, 1999 WL 184900 (Vet.App. March 22, 1999) (citing Engelke v. Gober, 10 Vet.App. 396, 399 (1997)). Because Schutte’s arguments with respect to the Chairman’s decision were essentially the same as those presented in his appeal of the BVA’s decision, the court refused to exercise jurisdiction. Schutte claims that this limitation on the CAVC’s jurisdiction was contrary to 38 U.S.C. § 7261(3), which requires the Court to review decisions of the Chairman and, under certain circumstances, to hold them unlawful and set them aside.
The CAVC’s self-imposed limitation on its jurisdiction over appeals of a Chairman’s denial of a motion for reconsideration can be traced back to a 1993 decision, Patterson v. Brown, 5 Vet.App. 362 (1993), which relies on a legal analysis presented in Interstate Commerce Commission v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 277, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987). In Locomotive Engineers, the Supreme Court considered judicial review of the ICC’s denial of a motion for reconsideration under 49 U.S.C. § 10327. The Court determined that, since the motion for reconsideration at issue was based on a charge of material error, and did not present any new evidence or allege any changed circumstances, the denial of the motion for reconsideration was unreviewable by the appellate court.
The rationale behind the general rule announced in Locomotive Engineers is equally applicable in the present context. As the Court explained, when an appeal of a denial of reconsideration asserts only material error, it “places before the courts precisely the same substance that could have been brought there by appeal from the original order — -but asks them to review it on the strange, one-step-removed basis of whether the agency decision is not only unlawful, but so unlawful that the refusal to reconsider it is an abuse of discretion.” Id. at 279. As this reasoning applies to administrative agency decisions in general, it permissibly also applies to veteran’s appeals.
Accordingly, we perceive no error in the CAVC’s determination that it lacked jurisdiction to review the Chairman’s denial of Schutte’s motion for reconsideration.
*793 CONCLUSION
For the reasons described above, we affirm the judgment of the CAVC.

. Schutte v. West, No. 97-132, 1999 WL 704280 (Vet.App. Sept. 8, 1999).

. These regulations were codified by Congress in 1997 in 38 U.S.C. § 5109A. Pub.L. No. 105-111.

. We are further persuaded of this conclusion by the recent promulgation of 38 C.F.R. § 20.1400 et seq., allowing allegations of CUE with respect to BVA decisions. In enacting this regulation, the Secretary adopted the caselaw of the CAVC concerning CUE, including the heightened pleading requirement for such allegations. C.F.R. § 20.1404(b). While this regulation was promulgated after the date of Schutte’s initial appeal, it is consistent with our conclusion that CAVC caselaw is not at odds with DVA regulations concerning CUE.