IVERS, Judge,
concurring:
I concur in the briefing order, but write separately to remind the parties and ami-cus curiae that CUE, as set out in a longstanding line of case law from this Court, and a similar line of case law from the U.S. Court of Appeals for the Federal Circuit, is a collateral attack on a final decision, and not a claim for benefits as defined in parts II and III of title 38. See Disabled American Veterans v. Gober, 234 F.3d 682, 686 (Fed.Cir.2000); Bustos v. West, 179 F.3d 1378, 1380 (Fed.Cir.1999), cert. denied, 528 U.S. 967, 120 S.Ct. 405, 145 L.Ed.2d 315 (1999); Smith v. Brown, 35 F.3d 1516, (Fed.Cir.1994); Cole v. West, 13 Vet.App. 268, 276 (1999); Donovan v. Gober, 10 Vet.App. 404, 407 (1997); Fugo v. Brown, 6 Vet.App. 40, 44 (1993).
I also wish to set forth for the parties and the amicus the position concerning CUE and the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA] as stated by the Secretary in the supplemental brief in Holliday:
In this regard, the [Secretary] asserts that there are certain classes of cases which by their nature, generally do not fall under the new provisions and thus do not require readjudication due to the requirements added by the VCAA and any regulations promulgated pursuant thereto. These cases fall into at least three broad categories:
1.Those cases where there is no dispute over the facts, cases which are controlled solely by the law, such as Sabonis v. Brown, 6 Vet.App. 426, 430 (1994), cases “where the law and not the evidence is dispositive.” See Smith (Claude) [sic] v. Gober, [14 Vet.App. 227 (2000)] (Court determined that the VCAA did not affect the issue concerning whether a federal statute allows the payment of interest on past due benefits and need not be considered).
2. Those cases in which the adjudicator is required to consider the case on the basis of the law and evidence that were in existence at a time in the past. This would include claims of clear and unmistakable error (CUE), most claims for an earlier effective date and survivors’ claims for accrued benefits, etc. In such cases, further development of the evidence now could not change the prior decision, which must be based upon the evidence then of record.
3. Those cases in which it is obvious that all possible relevant evidence has already been obtained or the failure to obtain it fully accounted for, so as to obviate the need for any further assistance or notification. Such cases, the [Secretary] believes, would fall under this Court’s rationale in Soyini v. Derwinski, 1 Vet.App. 540, 546 (1991), where the Court affirmed a BVA decision despite its failure to provide sufficient reasons or bases because “strict adherence [to a procedural legal requirement] does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case. Such adherence would result in this Court’s unnecessarily imposing additional burdens on the BVA and DVA with no benefit flowing to the veteran.”
The preceding cases either do not fall within the scope of the provisions of the new NDAA/VCAA [Floyd D. Spence National Defense Authorization Act of 2000/Veterans Claims Assistance Act of 2000] or do not require readjudication under them. The NDAA/VCAA provisions generally involve the obtaining of evidence to substantiate an appellant’s claim. For the claims described above *326 there is no new evidence to obtain and readjudication under the new provisions would be pointless.
Secretary’s Supplemental Brief at 13-15 in Holliday v. Principi, 14 Vet.App. 280 (2001) (emphasis added). During oral argument in Holliday, counsel for the Secretary, at the urging of the panel members, made what I consider to be ill-advised concessions with respect to the positions taken in the brief, especially as to CUE. These concessions were, I might add, on issues having nothing to do with the underlying case. Having said that, I now look forward to an opportunity to review the briefs submitted by the parties and amicus curiae.