﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/26/19

DOCKET NO. 181203-1204
DATE: February 26, 2019

ORDER

Entitlement to an earlier effective date prior to November 28, 2005 for service-connection for other specified trauma and stress-related disorder (claimed as posttraumatic stress disorder), to include as based on clear and unmistakable error (CUE) of the April 2004 and November 2004 rating decisions, is denied.

FINDINGS OF FACT

1. The April 2004 and November 2004 rating decisions denying service connection for posttraumatic stress disorder (PTSD) are not shown to be clearly and unmistakably erroneous.

2. November 28, 2005 is the earliest possible effective date for the benefit allowed by law. 

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date prior to November 28, 2005 for service-connection for other specified trauma and stress-related disorder (claimed as posttraumatic stress disorder), to include as based on clear and unmistakable error (CUE) of the April 2004 and November 2004 rating decisions, have not been met. 38 U.S.C. § 5019A; 38 C.F.R. § 3.105.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from February 1969 to February 1971. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

The Board acknowledges that on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 155-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

In February 2018, the Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appeals this RAMP rating decision to the Board and requested direct review of the evidence considered by the RO. In December 2018, the Veteran’s representative submitted arguments that there was clear and unmistakable error in prior decisions, specifically in the April 2004 and November 2004 rating decisions. Therefore, since the representative’s statements are noted as arguments, the Board can consider them, even though they were submitted after the Veteran’s RAMP Opt-In Election form. However, the Board cannot consider any additional evidence submitted during the period when new evidence is not allowed.

 

Entitlement to an earlier effective date prior to November 28, 2005 for service-connection for other specified trauma and stress-related disorder (claimed as posttraumatic stress disorder), to include as based on clear and unmistakable error (CUE) of the April 2004 and November 2004 rating decisions. 

The Veteran contends that he is entitled to an earlier effective date for his service-connected PTSD, to include as based on CUE of the April 2004 and November 2004 rating decisions.

Generally, the effective date for a grant of service connection and disability compensation is the day following separation from active military service or the date entitlement arose if the claim is received within one year after separation from service; otherwise, the effective date will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(b)(1); 38 C.F.R. § 3.400(b)(2). Unless otherwise provided, the effective date of compensation will be fixed in accordance with the facts found, but will not be earlier than the date of receipt of the claimant’s application. 38 U.S.C. § 5110(a). 

Prior VA decisions that are final and binding are accepted as correct in the absence of CUE. 38 C.F.R. § 3.105(a). Where the evidence establishes CUE, the prior rating decision will be reversed or amended. Id. The Court of Appeals for Veterans Claims (Court) has held that the following three-pronged test applies to determine whether CUE is present in a prior determination: (1) either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions in effect at the time were incorrectly applied; (2) the error must be undebatable and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994); Russel v. Principi, 3 Vet. App. 310 (1992); see also Bustos v. West, 179 F.3d 1378, 1381 (Fed. Cir. 1999) (to prove the existence of CUE as set forth in 38 C.F.R. § 3.105(a), the claimant must show that an outcome-determinative error occurred).

The Court has explained that CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993). CUE “are errors that are undebatable, so that it can be said that reasonable minds could only conclude that the original decision was fatally flawed at the time it was made.” Russel, 3 Vet. App. At 313. “[E]ven where the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be, ipso facto, clear and unmistakable.” Fugo, 6 Vet. App. At 43-44. In other words, when there is evidence both supporting and against a previous determination, it is impossible for the claimant to succeed in showing that the result would have been manifestly different. Simmons v. West, 14 Vet. App. 84, 88 (2000).

Additionally, allegations that a previous adjudication improperly weighed and evaluated the evidence of record can never rise to the stringent definition of CUE. The claimant must assert more than a disagreement as to how the facts were weighed or evaluated. Russel, 3 Vet. App. at 313-14. Similarly, broad brush allegations of “failure to follow regulations” or “failure to give due process,” or any other general, nonspecific claim of error cannot constitute a valid claim for CUE. Fugo, 6 Vet. App. at 44. The Court has further noted that a breach of VA’s duty to assist cannot form a basis for a claim of CUE. Caffrey v. Brown, 6 Vet. App. 377, 382 (1994). Thus, as a threshold matter, a claimant must plead CUE with sufficient particularity. Only if this threshold requirement is met does the Board have any obligation to address the merits of the CUE claim. See Phillips v. Brown, 10 Vet. App. 25 (1997).

Here, the Board finds that the Veteran has pled CUE with specificity, therefore, the Board will address the contentions herein. 

The Veteran first filed a claim for entitlement to service connection for PTSD in April 1999, contending that his current disability was due to the stressors of working on a burial detail while in service. The RO ultimately denied this claim in a September 2001 rating decision, on the basis that there was no conclusive evidence of the claimed stressor. In October 2003, the Veteran filed to reopen his claim for PTSD under the same contentions, which was also denied in an April 2004 rating decision; and again, in a November 2004 rating decision. The Veteran did not appeal the November 2004 rating decision; therefore, this decision became final. See 38 C.F.R. § 20.302(a), 20.1103. In November 2005, the Veteran submitted a new claim for service connection for PTSD, which the RO denied in a May 2006 rating decision, on the basis that there was no objective medical evidence of a nexus. In March 2011, the Board remanded the Veteran’s claim for PTSD for further development. The claim was ultimately granted by the RO in an October 2014 rating decision, with an effective date of November 25, 2005 (the date the claim was filed). 

However, the Veteran contends that he is entitled to an effective date of October 2003, as this claim remains pending due to the April 2004 rating decision not being final; as well as the contention that the rating decisions issued in April 2004 and November 2004 contained CUE.

After review of the evidence, the Board finds that an earlier effective date prior to November 28, 2005 is not warranted.

April 2004 Rating Decision

As an initial matter, the Veteran contends that after submitting new evidence in support of his claim, fulfilling the requirements requested by the VA, the RO took no further action and failed to issue a Statement of the Case (SOC) pertaining to his submitted evidence. Therefore, there was no final disallowance of the October 2003 claim, and that claim remains pending. 

In April 2004, the RO issued a rating decision denying the Veteran’s claim for service connection, as the evidence reviewed did not establish that a stressful event occurred. The RO cited pertinent evidence, such as, a letter from Dr. F.S. and the Veteran’s 201 Personnel File; however, found that it was not enough to verify the in-service stressor of working on a burial detail. In April 2004, in accordance with VA’s procedural protocol, the RO sent a notification letter to the Veteran informing him that a decision on his claim has been made; and further informed him that he can submit additional evidence necessary to support his claim until February 2005. In response to this notice, the Veteran submitted a buddy statement from F.M. (stationed with the Veteran in service), who stated that he witnessed changes in the Veteran’s personality, which the Veteran later informed him was due to being on funeral duty and seeing soldiers’ family members crying and fainting. See Buddy/Lay Statement, May 2004. Subsequently, in September 2004 a deferred rating was issued to afford the Veteran a VA examination for PTSD before deciding the Veteran’s claim, which was conducted in October 2004. In November 2004, a rating decision was issued, specifically noting review and consideration of the lay statement from F.M., the October 2004 VA examination, and other lay statements submitted by the Veteran during that time. 

The Board notes, that based on the procedural history above, the Veteran’s contention that the RO took no further action following receipt of the newly submitted evidence (the May 2004 lay statement from F.M.), is unsubstantiated by clear evidence of the record to the contrary. Furthermore, pursuant to 38 C.F.R. § 19.24(b)(5), the VA will prepare a SOC after a timely notice of disagreement (NOD) is filed in response to a rating decision. Here, the Veteran nor his representative filed a NOD in response to the April 2004 rating decision; thus, according to VA law, a SOC will not be issued. Instead, since the Veteran only submitted additional pertinent evidence during the pendency of the claim, that evidence would be properly considered by the RO in a subsequent rating decision; that being the November 2004 rating decision, which became final as a matter of law. See 38 C.F.R. § 20.302(a), 20.1103. Therefore, the Board finds that the RO took the appropriate action necessary to address the Veteran’s submitted evidence, and procedurally, the Veteran’s October 2003 claim has become final. 

Additionally, the Veteran contends that a previous notice sent to him in February 2004, requesting submission of new and material evidence that provides details related to the incident(s) that resulted in PTSD, “improperly placed the burden of proof on the veteran to prove service connection.” See VA 646 Statement of Accredited Representative in Appealed Case, December 2018. The law and evidence does not support such a contention, as the requested evidence does not place the weight of proving an entire claim for service connection on the Veteran, but instead requests assistance from the Veteran in supporting and developing a necessary step in the Veteran’s claim. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) (a claimant has some responsibility to cooperate in the development of all facts pertinent to his claim, and that the duty to assist is not a one-way street). 

Therefore, based on the above, the finality of the November 2004 rating decision resulted in the final disallowance of the Veteran’s October 2003 claim for PTSD.

Regarding the Veteran’s claim of CUE in the April 2004 rating decision, the Veteran’s representative contends that the RO improperly applied the statutory and regulatory provisions for proof of service connection, as the record contained evidence in support of the Veteran’s claimed in-service stressor during the April 2004 rating decision; therefore, a finding by the RO that no conclusive evidence of a stressor was found, as a basis for denial, was clearly and unmistakably erroneous. The Veteran’s representative notes the October 2003 and November 2003 private medical opinions from Dr. F.S., as the evidence of record to corroborate the Veteran’s in-service stressor. 

In April 2004, the RO concluded that the information regarding the Veteran working on a burial detail was not found in his military personnel file; thus, his in-service stressor cannot be verified as it wasn’t documented. [The Board notes that in an October 2001 NOD from the Veteran pertaining to an earlier PTSD claim, the Veteran specifically stated that “information on stressors should be in my Military Personnel File since I performed burial detail duties at least once a week.” See VA 21-4138 Statement in Support of Claim, October 2001]. The RO noted review and consideration of the private medical opinions from Dr. F.S., which stated the Veteran was a member of the 416th Transportation Company, and further stated that the Veteran worked in burial details in Mississippi, Alabama, and Florida, handling dead bodies on numerous occasions. See Rating Decision, April 2004; see also Medical Treatment Record – Government Facility, October 2003 and November 2003. The RO also noted review of the Veteran’s 201 Personnel File from February 24, 1969 through February 23, 1971; however, indicated that these records do not show that the Veteran worked on burial details during this period, but instead show the Veteran worked as a mechanic maintenance apprentice. Ultimately, the RO denied the Veteran’s claim, as there was no objective evidence supporting the Veteran’s claim of a stressful event. 

In disagreement with the RO’s conclusion, the Veteran’s representative specifically cites that the applicable law provides that “VA must accept as sufficient proof of service connection for a claimed disease or injury satisfactory lay or other evidence of service incurrence or aggravation of such disease or injury, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of the incurrence or aggravation of the claimed disease or injury.” Additionally, the Veteran’s representative cites Cohen v. Brown, 10 Vet. App. 128 (1997), and states that “the Court of Veterans Appeals found a deficiency in § 3.304(f) in that it does not adequately reflect for the purposes of establishing an in-service stressor, the relaxed adjudicative evidentiary requirements provided by 38 U.S.C. 1154(b) for establishing service incurrence of an event.” Therefore, the RO’s basis for providing a negative outcome was premised on the fact that there was no official record of the incurrence of the claimed stressor; thus, improperly applying the standard of proof in this claim. 

However, after review of the applicable laws governing this case, the Board notes that it is the Veteran’s representative who has improperly applied the statutory and regulatory law for proving an in-service stressor here. In fact, the Veteran’s representative has stated laws regarding proof of an in-service stressor of that of a combat veteran, which is not the case here. The evidence of record, including the Veteran’s military personnel records and lay statements, does not suggest or prove, in any way, that the Veteran has served in combat; therefore, the standard of proof provided by the Veteran’s representative is inaccurate, and the laws pertaining to a noncombat veteran is applicable here. Therefore, according to Cohen v. Brown, “if, however, it is determined that the veteran did not engage in combat, credible supporting evidence from any source showing that his claimed in-service stressor actually occurred would be required for him to prevail. Under such circumstances, the veteran’s lay testimony regarding the stressors would thus be insufficient, standing alone, to establish service connection.” 10 Vet. App. 128, 147 (1997); see also Moreau v. Brown, 9 Vet. App. 389, 394-95 (1996). 

As mentioned above, to satisfy the second element, in-service stressor, of a claim for PTSD, there is a requirement of credible supporting evidence that the in-service stressor occurred. 38 C.F.R. § 3.304(f). Lay testimony alone is not sufficient to establish that a stressor occurred; it must be corroborated by credible supporting evidence. See Cohen v. Brown, 10 Vet. App. 128, 142 (1997); see also Dizoglio v. Brown, 9 Vet. App. 163, 166 (1996) (testimony, by itself, cannot, as a matter of law, establish the occurrence of a noncombat stressor. Instead, the record must contain evidence which corroborates the [veteran’s] testimony as to the occurrence of the claimed stressor]. Applying the proper law, the RO unsuccessfully attempted to corroborate the Veteran’s reported stressor involving working on a burial detail; therefore, beyond the Veteran’s own lay statements, the only other evidence as to this occurrence of the reported in-service stressor comes from the October 2003 and November 2003 private medical opinions from Dr. F.S. However, the United States Court of Appeals for Veterans Claims, has specifically held that “credible supporting evidence of the actual occurrence of an in-service stressor cannot consist solely of after-the-fact medical nexus evidence.” Moreau v. Brown, 9 Vet. App. 389, 394-96 (1996). Therefore, the private medical opinions from Dr. F.S. are not sufficient to be considered credible supporting evidence that the claimed in-service stressor occurred; as well as, the lay statements from the Veteran alone is not enough to adequately support a finding that the in-service burial details occurred. Thus, the Board concludes that the RO in the April 2004 rating decision properly applied the statutory and regulatory laws for this case, and did not err in rendering that there was no conclusive evidence of record of the reported in-service stressor.

Accordingly, the Board finds that the April 2004 rating decision did not contain CUE, as it pertains to the denial of the Veteran’s claim due to a lack of a verified in-service stressor.

November 2004 Rating Decision

Regarding the Veteran’s claim of CUE in the November 2004 rating decision, the Veteran’s representative contends that the RO’s failure to consider the Veteran’s diagnosis of PTSD by his treating physician and/or the RO mistakenly making a finding of fact that there was no diagnosis of PTSD as it related to a military stressor, as bases for denial, was clearly and unmistakably erroneous. The Veteran’s representative stated that the record contained medical evidence of a diagnosis of PTSD and a nexus, specifically noting the October 2003 and November 2003 positive private medical opinions from Dr. F.S, and further asserts that “if the VA recognized the PTSD diagnosis, it would have been required to find service connection of that condition where the only evidence of record provides that the veteran’s in-service stressor caused his current PTSD.” See VA 646 Statement of Accredited Representative in Appealed Case, December 2018.

In November 2004, the RO ultimately conceded to the Veteran’s in-service stressor, but concluded that there is no diagnosis of PTSD as it relates to service. The RO reviewed and considered the Veteran’s lay statements, service treatment records, private medical opinions from Dr. F.S. and an October 2004 VA examination; however, after weighing the evidence of record, found the October 2004 VA examination more probative and ultimately denied the Veteran’s claim. 

The Board notes that the Veteran’s representative’s contentions that the VA did not acknowledge the PTSD diagnosis is simply untrue, as the RO explicitly stated that “clinicians have given the veteran a diagnosis of post traumatic stress disorder.” See Rating Decision – Narrative, November 2004. Additionally, the RO’s conclusory statement regarding no diagnosis of PTSD related to service does not suggest that the RO is contending that there is no diagnosis of PTSD, as the Veteran’s representative implies, but instead, is merely stating that there is no diagnosis related to the conceded in-service stressor – a negative nexus. Furthermore, the fact that the private medical opinions were the only positive evidence of record providing a nexus in favor of the Veteran’s claim, does not automatically render a grant of a service connection claim, nor does it automatically exclude other evidence weighing against the Veteran’s claim. Here, the evidence of record at the time consisted of, both, positive and negative opinions; which the RO weighed in favor of the negative opinion as its basis for adjudicating against the Veteran’s claim. As noted above, allegations that a previous adjudication improperly weighed and evaluated the evidence of record can never rise to a claim for CUE. Russel, 3 Vet. App. at 213-14. Therefore, it is the decision makers who decide how and in what favor to weigh evidence, and in this case, assigning more probative weight to the October 2004 VA examination is an exercise of judgment. Thus, the Board concludes that the RO did not err in rendering that there was no nexus to grant service connection.

Based on the above, and given the finality of the November 2004 rating decision regarding PTSD, the claim to reopen PTSD was not received until November 28, 2005; therefore, applicable VA law provides that the earliest effective date for the Veteran’s claim is November 28, 2005. See 38 U.S.C. § 5110(a).

Accordingly, entitlement to an earlier effective date prior to November 28, 2005, to include based on CUE, is denied. 

 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. Hodges, Associate Counsel